UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Justin Wayne Eastman,                                Civil No. 14-4795 (SRN/HB)

      Petitioner,

v.                                                                **REPORT AND RECOMMENDATION**

Michelle Smith, Warden,

      Respondent.

---

Justin Wayne Eastman, #203360, MCF-Stillwater, 970 Pickett St. N., Bayport, MN 55003, pro se

Jean E. Burdorf, Hennepin County Attorney's Office, 300 S. 6th Street, Suite A-2000, Minneapolis, MN 55487; and Matthew Frank and James B. Early, Minnesota Attorney General's Office, 445 Minnesota Street, Suite 1800, St. Paul, MN 55101, for Respondent

---

HILDY BOWBEER, United States Magistrate Judge

      This matter is before the Court on Petitioner Justin Wayne Eastman's Petition for a Writ of Habeas Corpus for a Person in State Custody [Doc. No. 1], which Petitioner brings under 28 U.S.C. § 2254. The Court has conducted a preliminary review of the Petition as required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Section 2254 Rules"). Based on that review, the Court concludes that Petitioner plainly is entitled to no relief because his claims are barred by the one-year statute of limitations in 28 U.S.C. § 2244(d). Accordingly, the Court will recommend that the Petition be dismissed with prejudice.

I.   **Background**

Petitioner pleaded guilty to a charge of second-degree intentional murder on July 6, 1999, and received a 480-month prison sentence from the Hennepin County District Court on July 27, 1999. [Pet. ¶¶ 1-3, 5-6.] Petitioner did not appeal the judgment of conviction. [Pet. ¶ 8.]

Ten years later, Petitioner filed a state-court petition for post-conviction relief. [Pet. ¶ 11.] Petitioner asserts that he raised the following arguments in that petition:

- The district court did not have sufficient reasons for departing upward from his presumptive sentence;

- His sentence unfairly exaggerated the criminality of his conduct;

- Petitioner did not enter his plea intelligently because the district court informed him of the incorrect presumptive sentence, did not advise him of his rights under Minn. R. Crim. P. 15.01, and did not consider the precise nature of Petitioner's mental health issues;

- Petitioner's trial counsel was ineffective for failing to investigate Petitioner's past mental-health issues;

- Petitioner's appellate counsel was ineffective for failing to "federalize" and thereby preserve claims for future habeas proceedings; and

- Several issues with his physical and learning disabilities were not considered by the state courts or made part of the record by trial counsel.

[Pet. ¶ 11; Pet. 20-21, Addendum Attach. (1).] The Hennepin County District Court denied the state post-conviction petition on June 9, 2010. [Pet. ¶ 11(a)(7)-(8).] Petitioner appealed the denial of this post-conviction petition to the Minnesota Court of Appeals, which affirmed the district court's denial of the petition on April 26, 2011. [Pet. ¶ 9];

*Eastman v. State* ("*Eastman I*"), No. A10-1359, 2011 WL 1545488 (Minn. Ct. App. Apr. 26, 2011). The Supreme Court denied review of the court of appeals' decision on July 19, 2011. *See Eastman I*, 2011 WL 1545488 (indicating, under subsequent history of the case, that review was denied on July 19, 2011).

Petitioner filed a second state-court petition for post-conviction relief on July 2, 2012. [Pet. 4.][1] The Hennepin County District Court denied the petition, and Petitioner again appealed to the Minnesota Court of Appeals. [Doc. No. 3, Minn. Ct. App. Order Op. dated Aug. 12, 2013 (hereafter "*Eastman II*").] Based on the record before the Court, it appears that Petitioner raised the following claims in this second post-conviction petition:

- The district court did not have sufficient reasons for departing upward from Petitioner's presumptive sentence;

- Petitioner did not enter his plea intelligently because of mental-health issues;

- Petitioner's trial counsel was ineffective for failing to investigate his mental-health issues; and

- Petitioner's appellate counsel was ineffective for failing to "federalize" and thereby preserve claims for future habeas proceedings.

*Eastman II*, ¶ 3 (explaining the nature of Petitioner's claims in his second post-conviction petition in state court). In other words, Petitioner pursued the same claims he litigated in

---

[1] *See State v. Eastman*, 27-CR-99-026202 (entry for July 2, 2012, indicating submission of motion for post-conviction relief), http://pa.courts.state.mn.us/CaseDetail.aspx?CaseID=705079700.

his first post-conviction proceeding many years after he was sentenced. On August 12, 2013, the court of appeals affirmed the district court's order denying the petition on the grounds that all of his claims were barred by the rule announced in *State v. Knaffla*, 243 N.W.2d 737 (Minn. 1976), time-barred by the two-year time limit for bringing claims under Minn. Stat. § 590.01, subd. 4, and without substantive merit. *Eastman II*, ¶¶ 3-12. On November 26, 2013, the Minnesota Supreme Court denied Petitioner's request for further review.[2]

On November 20, 2014, more than fifteen years after Petitioner was sentenced pursuant to his 1999 guilty plea, Petitioner filed this habeas corpus action. The precise contours of Petitioner's claims in this habeas case are somewhat unclear. However, Petitioner appears to assert the same grounds for relief that he raised in his two state post-conviction petitions. [*Compare* Pet. ¶ 11 (referring the Court to Addendum Attach. (1) for a description of the grounds raised in the first post-conviction petition), *and* Doc. No. 3, *Eastman II*, ¶ 3 (describing claims raised in second post-conviction proceeding), *with* Pet. 5, ¶ 12 (referring the Court to Addendum Attachment (1) for the bases of "Ground One" in this federal habeas corpus action), *and* Pet. 7, ¶ 12 (referring the Court to Addendum Attachment (1) for the bases of "Ground Two" in this federal habeas corpus action), *and* Pet. 8-10, ¶ 12 (cont.) (raising, in "Ground Three" and "Ground

---

[2]    *See State v. Eastman*, 27-CR-99-026202 (entry for Nov. 26, 2013 indicating the entry of an Appellate Court Order), http://pa.courts.state.mn.us/CaseDetail.aspx?CaseID= 705079700; *see also State v. Eastman*, A12-2077 (Order dated Nov. 26, 2013), http://macsnc.courts.state.mn.us/ctrack/docket/docketEntry.do?action=edit&deID= 709341&csNameID=74511&csInstanceID=85716&csIID=85716.

Four," claims relating to the length of his incarceration and his inability to understand his rights during the plea hearing based on physical disability and mental illness).]

Ultimately, the Court need not reach the merits of any of Petitioner's claims here because this action is time-barred by the one-year statute of limitations that applies to federal habeas corpus petitions filed by state prisoners.

## II. Discussion

Pursuant to Rule 4 of the of the Section 2254 Rules, if it is plain that a habeas petitioner is not entitled to relief in the district court based on an initial review of the petition, the Court must summarily dismiss the action. The Antiterrorism and Effective Death Penalty Act (AEDPA) established a one-year statute of limitations for state prisoners to file habeas corpus petitions seeking federal court review of their convictions or sentences. 28 U.S.C. § 2244(d). It provides as follows:

> (d)(1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (d)(2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.* § 2244(d)(1)-(2).

In this case, there is nothing in Petitioner's submissions to suggest that clauses (B), (C), or (D) of § 2244(d)(1) could be applicable. There is no suggestion that the State created any impediment that prevented Petitioner from seeking federal habeas relief within the prescribed one-year limitation period. *See* § 2244(d)(1)(B). Nor is there any suggestion that Petitioner's current claims are based on any new, retroactively applicable constitutional rule. *See* § 2244(d)(1)(C). Finally, Petitioner has not shown that the purported factual predicate for his claim only recently came to light. *See* § 2244(d)(1)(D). Although among the papers Petitioner filed in this case he refers to a June 2012 letter prepared by a psychologist regarding a mental-health diagnosis as "new evidence" that apparently shows he could not have comprehended the nature of "his plea offer," there is nothing in the record before the Court to indicate that evidence relating to Petitioner's mental health and ability to understand the nature of his guilty plea could not have been discovered through the exercise of due diligence when he pleaded guilty in 1999. [Doc. No. 1, Attach. 1 at 9-10 (discussing a psychologist's letter diagnosing Petitioner as having certain mental-health conditions and arguing that the psychologist's "testimony is important because it shows that the appellant was (1) diagnosed at the time

of his plea offer (2) he suffered from a mental illness that was possibly chronic and not acute)"); *see also* Doc. No. 2 at 2 (indicating that the psychologist's letter was dated June 8, 2012).] Thus, there is no basis for the Court to conclude that any new evidence could extend the deadline for seeking federal habeas corpus relief under § 2244(d)(1)(D).

Thus, the Court finds that the one-year limitation period began to run in this case, pursuant to § 2244(d)(1)(A), when Petitioner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." As noted above, Petitioner is challenging the judgment that decreed his conviction and sentence that was entered in July 1999. Because Petitioner did not pursue a direct appeal, that judgment became final, for statute-of-limitation purposes, upon "the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). According to the Minnesota Rules of Criminal Procedure, "[i]n felony and gross misdemeanor cases, an appeal by the defendant must be filed within 90 days after final judgment or entry of the order being appealed." Minn. R. Crim. P. 28.02, subd. 4(3)(a). Thus, the deadline for seeking direct appellate review of Petitioner's conviction and sentence expired in October 1999 (90 days after entry of the judgment of conviction and sentence), and that is when the one-year statute of limitations began to run in this case. The deadline for seeking federal habeas corpus relief expired one year later, in October 2000. Petitioner did not file this habeas corpus action until November 20, 2014, more than fourteen years after the limitations period expired.

The habeas corpus statute of limitations is tolled pursuant to § 2244(d)(2) when a prisoner files a state post-conviction motion, or otherwise seeks collateral relief, in a

7

procedurally proper state court proceeding. The statute remains tolled during the entire period of time that such collateral proceedings continue to be pending in any state court, including the state appellate courts. *Mills v. Norris*, 187 F.3d 881, 883-84 (8th Cir. 1999). However, the tolling provisions of § 2244(d)(2) cannot aid Petitioner here because the statute of limitations had already expired before he filed his first post-conviction motion. The statute of limitations expired in October 2000, and Petitioner did not file his first post-conviction motion in Hennepin County District Court until November 2009. Thus, the federal statute of limitations had already expired more than a year before the first post-conviction motion was filed. *See Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001) ("by the time [petitioner] filed his state court application [for post-conviction relief] . . . there was no federal limitations period remaining to toll, and the petition was properly dismissed as time-barred"). In short, the tolling provision cannot save the Petition in this case from being time-barred, because "[t]he one year AEDPA limit for federal habeas filing cannot be tolled after it has expired." *Jackson v. Ault*, 452 F.3d 734, 735 (8th Cir. 2006). Moreover, by filing various state post-conviction motions, Petitioner did not reset the AEDPA clock because state post-conviction motions also "cannot revive a time period that has already expired." *Cordle v. Guarino*, 428 F.3d 46, 48, n.4 (1st Cir. 2005) (citations omitted).

Finally, the Court has considered whether the doctrine of "equitable tolling" could save this action from being time-barred. *Baker v. Norris*, 321 F.3d 769, 771 (8th Cir. 2003) ("the one year AEDPA limit . . . may be equitably tolled"). Equitable tolling is available only "when *extraordinary circumstances beyond a prisoner's control* make it

8

impossible to file a [habeas corpus] petition on time . . . [or] when conduct of the defendant has lulled the plaintiff into inaction." *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir.2001) (emphasis added). Here, Petitioner has not requested equitable tolling, and there is nothing in the record that suggests he could possibly be eligible for it.

For all these reasons, the Court finds that this action is untimely and recommends that the Petition be summarily dismissed with prejudice pursuant to Rule 4 of the Section 2254 Rules. Correspondingly, the Court also recommends that Petitioner's pending Motion for Remand [Doc. No. 2] be denied.

### III.  Certificate of Appealability

A § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a Certificate of Appealability (COA). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. Daniel*, 529 U.S. 473, 484 (2000).

In this case, the Court finds it highly unlikely that any other court, including the Eighth Circuit Court of Appeals, would decide Petitioner's claims any differently than they have been decided here. Petitioner has not identified, and the Court cannot independently discern, anything novel, noteworthy, or worrisome about this case that warrants appellate review. It is therefore recommended that Petitioner should not be granted a COA in this matter.

**IV.     Recommendation**

Based on the foregoing and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. The Petition for a writ of habeas corpus [Doc. No. 1] be **DENIED**;

2. Petitioner's Motion for Remand [Doc. No. 2] be **DENIED**;

3. This action be **DISMISSED WITH PREJUDICE**; and

4. Petitioner **NOT** be granted a Certificate of Appealability.


Date:  December 2, 2014                  s/ *Hildy Bowbeer*
                                         HILDY BOWBEER
                                         United States Magistrate Judge


**NOTICE**

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **December 19, 2014**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within fourteen days after service thereof.  A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.